## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

IN RE:

BRUCE L. CHALAKEE and
CHARLOTTE A. CHALAKEE,

Debtors.

**Filed / Docketed**
**February 27, 2008**

Case No. 07-10760-M
Chapter 13

## MEMORANDUM OPINION

Until recently, in this district the filing of an unsecured claim in a Chapter 13 bankruptcy case was met with little fanfare or controversy. The creditor filed the claim, and, with few exceptions, some percentage of the claim was paid under the terms of a confirmed plan. As seems all too common in today's world, what was once simple has become complex. Unsecured claims have become an economic commodity, bought and sold in the open market. At the same time, for whatever reason, debtors have begun to object to unsecured claims, especially those that originate in the world of credit card transactions. The issue in this case revolves around the existence of a legal and/or factual basis for such objections. The following findings of fact and conclusions of law are made pursuant to Federal Rule of Civil Procedure 52, made applicable to this contested matter by Federal Rules of Bankruptcy Procedure 7052 and 9014.

### Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409.[1] Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a). This is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(B).

---

[1] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code (the "Code"), 11 U.S.C. § 101 *et seq*.

**Findings of Fact**

Bruce L. Chalakee and Charlotte A. Chalakee ("Debtors") filed an original petition for relief under Chapter 13 of the United States Bankruptcy Code on April 24, 2007.[2]  Among the various debts listed on Schedule F (Creditors Holding Unsecured Nonpriority Claims), Debtors scheduled a debt to "Discover Platinum Card" in the amount of $2,200 for credit card purchases incurred in 2000.  Debtors checked the box on Schedule F indicating that the debt was disputed.  Debtors also scheduled a debt to "Best Buy" in the amount of $1,975 for credit card purchases incurred in 2005. Debtors also indicated on Schedule F that this debt was disputed.  In fact, Debtors listed *every* debt owed to a credit card issuer as disputed.

On July 25, 2007, creditor Discover Bank ("Discover") filed an amended proof of claim on Official Form 10 for $3,044.89 (the "Discover POC").[3]  Attached to the Discover POC is what appears to be a snapshot of a computer screen showing various account information for a credit card account in the name of Bruce Lee Chalakee.  On August 7, 2007, creditor eCast Settlement Corp., Assignee of Household Bank (BEST BUY CO., INC) ("eCast") filed a proof of claim on Official Form 10 for $2,523.59 (the "eCast POC").[4]  There are no documents attached to the eCast POC.

On July 31, 2007, Debtors filed their Objection to Amended Proof of Claim Number 3-3 Filed by Discover Bank (the "Discover Objection").[5]  The only basis set forth in the Discover

---

[2] *Docket No. 1.*

[3] *See Claim No. 3-3.*

[4] *See Claim No. 18.*

[5] *Docket No. 40.*

Objection was that "Debtor [sic] disputes amount claimed to be owed by Discover."[6]  On August 9, 2007, Debtors filed their Objection to Proof of Claim Number 18 Filed by eCast Settlement Corp. (the "eCast Objection").[7]  The bases set forth in the eCast Objection were that the proof of claim failed to include evidence supporting the claim as required by Federal Rule of Bankruptcy Procedure 3001(c), and that "Debtors disputes [sic] the amount claimed by eCast."[8]

Neither Discover nor eCast filed any response to the Debtors' Objections.  While this matter was pending, the Bankruptcy Appellate Panel of the Tenth Circuit published a decision entitled *B-Line, LLC v. Kirkland (In re Kirkland)*.[9]  Given that it was a newly published decision, the Court gave Debtors an opportunity to address what effect, if any, the *Kirkland* decision has upon the Discover and eCast Objections.[10]  Debtors filed a Response for each Objection.[11]

To the extent the "Conclusions of Law" contain any items which should more appropriately be considered "Findings of Fact," such items are incorporated herein by this reference.

---

[6]  *Id.* at 1.

[7]  *Docket No. 43*.

[8]  *Id.* at 1.

[9] 379 B.R. 341 (10th Cir. BAP 2007).

[10]  *See Docket Nos. 73* (regarding eCast Objection) *& 76* (regarding Discover Objection).

[11]  *Docket Nos. 78* (regarding eCast Objection) *& 79* (regarding Discover Objection).

**Conclusions of Law**

Section 101(5) of the United States Bankruptcy Code defines a "claim" to be a "right to payment, whether or not such right is . . . disputed, [or] undisputed[.]"[12] A "creditor" is defined as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor[.]"[13] Section 501 provides that "[a] creditor . . . may file a proof of claim."[14] Section 502 states that a claim filed under § 501 is deemed allowed unless a party in interest objects.[15] That section also provides that upon such objection, after notice and a hearing, the court shall determine the amount of the claim and allow the claim in that amount, except in nine specifically enumerated situations.[16] Section 502(b)(1) states that the court shall allow a claim, "except to the extent that—such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured[.]"[17]

In addition to the Code provisions cited above, the Federal Rules of Bankruptcy Procedure[18] also govern the filing of proofs of claim. Rule 3001(a) tells us that "[a] proof of claim is a written

---

[12] § 101(5)(A).

[13] § 101(10)(A).

[14] § 501(a).

[15] § 502(a).

[16] § 502(b). *See also B-Line, LLC v. Kirkland (In re Kirkland)*, 379 B.R. 341 (10th Cir. BAP 2007).

[17] § 502(b)(1).

[18] Unless otherwise noted, all references to "Rules" are to the Federal Rules of Bankruptcy Procedure, as amended and effective December 1, 2007.

statement setting forth a creditor's claim.  A proof of claim shall conform substantially to the appropriate Official Form."[19]  Rule 3001(c) goes on to require that when a claim is based on a writing, "the original or a duplicate *shall* be filed with the proof of claim."[20]  The rule makes allowance for the loss or destruction of the writing by requiring that a statement of the circumstances of the loss or destruction of the writing may be filed with the claim in lieu of the writing.[21]  Rule 3001(f) provides the evidentiary effect of a properly filed proof of claim by stating that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."[22]

    *1.  Objection based on lack of documentation required by Rule 3001(c)*

The Bankruptcy Appellate Panel for the Tenth Circuit (the "BAP") recently addressed the sufficiency of an objection by a Chapter 7 trustee to a proof of claim.[23]  In *Kirkland*, a creditor filed a proof of claim on Official Form 10 for an unsecured claim without providing any supporting documentation.  The Chapter 7 trustee objected to the claim based on the lack of supporting documents required by Rule 3001(c) and asked the court to disallow the claim on that basis.  At a hearing on the matter, the creditor was unable to present any evidence of its claim beyond the filed

---

[19]  Rule 3001(a).  Here, the "appropriate Official Form" is Official Form 10, used by both claimants.

[20]  Rule 3001(c) (emphasis added).

[21]  *Id.*

[22]  Rule 3001(f).

[23]  *In re Kirkland*, 379 B.R. at 341.

proof of claim and the debtor's schedules.[24]    The bankruptcy court found that the failure of the creditor to provide sufficient supporting documentation stripped the claim of its prima facie validity under Rule 3001(f), and it disallowed the claim.  In a split decision, the BAP reversed and found that § 502(b) provides an exclusive list of grounds for objecting to claims by a party in interest.[25]  It ruled that an objection based solely on a claim's nonconformity with Rule 3001(c)—specifically, failure to attach supporting documentation to a filed proof of claim—is an insufficient ground for disallowance of the claim.[26]  It based its ruling on the plain language of § 502(b), which states that the court "shall" allow a claim except when one of nine exclusive exceptions apply.  The BAP noted that the "[r]ules governing claims cannot vary the terms of the statute by providing additional bases for an objection."[27]  In dicta, the BAP suggested that an objection based on lack of supporting documentation may be valid, but only where the movant has a good faith basis for asserting that the claim is unenforceable against the debtor or property of the debtor.[28]

    In the eCast Objection, Debtors raise Rule 3001(c) as a basis to disallow eCast's claim because it lacks any supporting documentation.  In their Response to the Court's inquiry about the effect of the decision in *Kirkland* on this case, Debtors acknowledge that a creditor's failure to attach

---

[24]  The debtor in *Kirkland* included a debt in her schedules "in substantially the same amount" as the claim at issue.  Her schedules did not indicate that she disputed the debt, or that it was otherwise contingent or unliquidated.   *In re Kirkland*, 379 B.R. at 344.

[25]  *Id.*  This judge was the author of the dissent in *Kirkland*.

[26]  *Id.*

[27]  *Id.* at 345.

[28]  *Id.* at 344, 351.

documents to its proof of claim, without more, is an insufficient basis to disallow a claim.[29]   In the absence of a substantive objection based on one of the enumerated exceptions listed under § 502(b), the claim is deemed allowed, and Debtors' Objection on this basis is overruled.

   *2.  Objection based on "dispute" of amount claimed*

   Debtors' second basis for objection, which is lodged against both the eCast POC and the Discover POC, is that Debtors dispute the amount claimed to be owed to each claimant.[30]   No facts or evidence regarding the nature of the dispute are provided.   On Debtors' Schedule F (Creditors Holding Unsecured Nonpriority Claims), Debtors also list the underlying debts owed to "Best Buy" and "Discover Platinum Card" as disputed, along with every other scheduled debt for "Credit Card Purchases."[31]   Official Form 6F, used to list Debtors' unsecured debts, does not solicit or require a description of the nature of Debtors' disputes with these creditors.   The issue thus becomes whether an objection to a proof of claim based solely on a debtor's bare assertion that the amount claimed is disputed, without more, is sufficient to disallow a claim, even in the absence of a response by the affected creditor.

   The Court notes that a designation that a scheduled claim is disputed has the effect of preventing a proof of claim from being "deemed filed under section 501" in a case under Chapter 11 of the Code.[32]   Although courts have often commented on the significance of a debtor indicating that a particular debt is disputed, this Court has not located any statutory or rule-based implication

---

[29]  Response, *Docket No. 78*, at 2.

[30]  *See Docket Nos. 40 & 43.*

[31]  *Docket No. 1*, at 19–22.

[32]  § 1111(a).

of this designation in a Chapter 13 case.[33]  Some courts have treated debts scheduled as undisputed

as admitted for purposes of claims allowance.[34]  Attempts by debtors to amend schedules to change

the designation from undisputed to disputed, in order to avoid the effect of an admission of the debt,

are not taken kindly by courts.[35]  Courts have admonished counsel that scheduling debts as disputed

just to avoid an admission by debtors that a debt is owed may run afoul of Rule 9011.[36]  For

example, one court expressed the following concern:

> The issue is also raised as to whether debtors will now simply list all debts as
> disputed. The Court is confident that debtors' counsel will continue to require the
> most truthful responses from debtors in their schedules that are signed under penalty
> of perjury, and will continue to represent their clients without running afoul of the
> strictures of Bankruptcy Rule 9011.[37]

The fact that Debtors designated every credit card debt as disputed raises a question about their

---

[33]  *See In re Shank,* 315 B.R. 799, 811 (Bankr. N.D. Ga. 2004) ("The Court uses the term 'undisputed' in the sense that no objection on the merits has been filed to any claim. A debtor's scheduling of a claim as contingent, unliquidated, or disputed, without affirmatively asserting in the objection that the debtor owes nothing or less than the amount claimed, would make no difference for purposes of the issues considered here.").

[34]  *See e.g., In re Dove-Nation*, 318 B.R. 147, 152 (8th Cir. BAP 2004) (debtor's schedules listing debt as undisputed were "additional evidence" supporting the claims); *In re Cluff*, 313 B.R. 323, 339–40 (Bankr. D. Utah 2004) (listing debts as undisputed deemed an admission under Federal Rule of Evidence 801(d)(2)), *aff'd by* 2006 WL 2820005 (D. Utah 2006).

[35]  *See In re Dove-Nation*, 318 B.R. at 152 ("Had the Debtor presented the amended schedules which did not change the amounts of the debts but listed them as disputed, the Court would have evaluated the credibility of the Debtor in light of the inconsistent statements, taking into account the timing of the amendment."); *In re Cluff*, 313 B.R. at 340 (Debtors amended schedules to list affected claims as disputed. The court said such "last minute change of heart appears disingenuous and smacks of manipulation."  The court also noted that even with such amendment, "[debtors] have still failed to come forward with any probative evidence that the claims are actually disputed or not owed.").

[36]  *See e.g., In re Cluff*, 313 B.R. at 342–43.

[37]  *Id.*

8

motivation in filing these objections.[38]

Because of the curt nature of the Objections, the Court is unable to determine whether the

Debtors object specifically to the amount filed in the POCs, or if their objections go to something

more fundamental about the debt that was apparent to the Debtors upon the filing of their schedules.

The filing of an objection is only one step in seeking to have a claim disallowed.  To be proper,

> an objection to a proof of claim must allege facts which, if accepted as true, would
> trigger one of the statutory reasons for denying a claim. If it does not, the objection
> should not be sustained. This remains true even if the creditor lacks sufficient interest
> to respond.[39]

Another court summarized the pleading requirements by stating that

> [a]t a minimum, the bankruptcy rules must be interpreted as requiring that a
> challenge to a proof of claim *assert a basis for its disallowance or reduction under
> 11 U.S.C. § 502(b)*–the existence of at least a potential dispute–before the procedures
> governing the determination of disputes in the claims allowance process are even
> invoked. This conclusion follows in the first instance from the application of 11
> U.S.C. § 501, which permits the filing of a proof of claim, 11 U.S.C. § 502(a), which
> provides that a filed proof of claim is deemed allowed unless there is an objection,
> and 11 U.S.C. § 502(b), which specifies the grounds on which a claim is to be
> disallowed.[40]

While this Court is reluctant to pre-judge what quantum or quality of legal or factual allegations

would be required to shift the burden to a claimant to respond, it concludes that Debtors' Objections

in this case—simply stating that they dispute the amounts owed—are inadequate for either the Court

---

[38]   As one court put it: "Have the Debtors attempted to disallow claims they truly
question or do not owe so that they, in good faith, can pay creditors with allowed claims more
under their confirmed plans, or are they just trying to reduce their obligations under their plans
and seek earlier discharge?"  *In re Cluff*, 313 B.R. at 342.  The issue of the Debtors' good faith in
scheduling these debts as disputed and filing these Objections is not before the court today, and
will not be raised by the Court *sua sponte*.

[39]   *In re Cluff*, 313 B.R. at 339 (quoting *In re Taylor*, 289 B.R. 379, 384 (Bankr. N.D. Ind.
2003)).

[40]   *In re Shank*, 315 B.R. at 812 (emphasis added).

9

or the claimants to assess the basis of the objections.  A terse statement that Debtors dispute a claim, without more, does not provide sufficient grounds to disallow a claim.

### 3.  Objection based on lack of documentation required by § 502(b)(1)

In their Responses to the Court's inquiry regarding the effect of *Kirkland* on the viability of Debtors' Objections, Debtors stretch to fit their "dispute" of these claims within the rubric of § 502(b)(1).  The argument, as well as the Court can decipher it from the Responses, is that when a proof of claim is not accorded prima facie validity under Rule 3001(f) due to lack of supporting documentation, a burden of proving the validity and amount of the claim—by producing further documentation—is shifted onto the claimant.[41]  Absent such proof, the argument goes, the claim is unenforceable against the debtor under Oklahoma law, and thus the Objections fall squarely within § 502(b)(1).  Other than declaring that their request for documents now falls under § 502(b), Debtors do not explain how this differs in substance from an objection requiring supporting documentation under Rule 3001(c).

Debtors rely on *Wilson v. Broadband Wireless International Corp. (In re Broadband Wireless International Corp.)*,[42] to establish that where a proof of claim is executed or filed improperly, and is therefore not prima facie evidence of a claim, then the claimant "would have the initial burden of proving that a claim exists and the amount of that claim."[43]  In their rush to use

---

[41] *See Docket No. 78*, at 2–3; *Docket No. 79*, at 3–4.  *See also In re Cluff*, 2006 WL 2820005, at * 3 (D. Utah 2006) (summarizing the argument as follows:  "Debtors contend that this means that the claim cannot be allowed unless the creditor attaches to its proof of claim the same evidence that would be required to obtain a judgment in state or federal court.").  See *infra* text accompanying notes 55–58.

[42] 295 B.R. 140 (10th Cir. BAP 2003).

[43] *Id.* at 145

*Broadband Wireless* to impose a burden of production on the claimants in this case, Debtors overlook its critical facts. The claimant in *Broadband Wireless* filed an executed proof of claim that did "not assert *any* claim against the debtor."[44] Attachments to the proof of claim gave further evidence that the claim lay only against third-party entities and *not* against the debtor. The court concluded that the proof of claim was therefore "'not executed and filed in accordance with [the Bankruptcy Rules,]' and thus [was not] prima facie evidence of a claim."[45] The debtor had presented a substantive objection under § 502(b)(1) that the claimant did not hold an enforceable claim against the estate. Because the *face of the proof of claim* did not state a valid claim, the claimant was required to come forward with additional evidence in the face of a substantive objection by the debtor. This does not provide support for Debtors' assertion in this case that a *properly* filed proof of claim, albeit without supporting documents, requires a claimant to come forward with further evidence in the absence of a substantive objection by a party in interest.[46]

Section 502(a) sets forth that a claim filed under § 501 is deemed allowed unless a party in interests objects.[47] A filed proof of claim that complies with the procedural requirements of Rule

---

[44] *Id.* at 146.

[45] *Id.*

[46] *See e.g., In re Cluff*, 313 B.R. at 338 (a bare objection without more is not sufficient to disallow a properly filed proof of claim based on lack of documentation); *In re Dove-Nation*, 318 B.R. 152 ("However, even if the claims had not substantially complied with Rule 3001, the claims are still allowed claims under Section 502 of the Bankruptcy Code unless the Debtor establishes an exception under Section 502(b)."); *In re Mazzoni*, 318 B.R. 576, 579 (Bankr. D. Kan. 2004) (properly filed proofs of claim that lacked documentation were sufficient to meet the "initial burden of proving the existence and amount of their claims.").

[47] § 502(a).

3001 is prima facie evidence of the existence and amount of the claim.[48]  Where a proof of claim is filed that does not meet the minimum requirements of Rule 3001(c), and is thereby not considered prima facie evidence of a claim, that claim will not be automatically disallowed absent an objection by a party in interest.[49]  Courts differ over whether a mere bare objection by a party in interest is sufficient to disallow the entire claim if a creditor does not respond or come forward with additional evidence supporting its claim.[50]

In *In re Cluff*, the bankruptcy court addressed debtors' objections to several filed proofs of claims.[51]  The rule established in *Cluff*, and affirmed on appeal by the District Court for the District of Utah, is similar to the conclusion of the court in *Kirkland*—that Rule 3001(c) is not a sufficient basis for objection to a properly executed and filed proof of claim—where the objection is raised by Chapter 13 debtors.  In dicta, the court in *Cluff* addressed the sufficiency of an objection that would operate to require a claimant to bring forth evidence in support of its claim.  The court concluded that where a proof of claim is not granted prima facie validity by operation of Rule 3001(f), yet is otherwise properly executed and filed, a party in interest must come forth with "evidence which tends to 'meet, overcome, or at least equalize' the statements on the proof of

---

[48]  Rule 3001(f).  The Court notes that the Discover POC is accompanied by a computer screen shot containing limited account information.  Because the Discover Objection provides no recognizable basis for objection to the Discover POC, the Court will not address the sufficiency of this document to provide the claim with Rule 3001(f) prima facie validity at this time. *Compare In re Cluff*, 313 B.R. at 336 (account summary sufficient) with *In re Shank*, 315 B.R. at 810 (attached summary insufficient to establish prima facie validity) and *In re Kendall*, 380 B.R. 37, 44–45 (Bankr. N.D. Okla. 2007) (same).

[49]  § 502(a).

[50]  *See e.g., In re Heath*, 331 B.R. 424, 434–38 (9th Cir. BAP 2005) (recognizing a minority and majority view).

[51]  313 B.R. 323 (Bankr. D. Utah 2004), *aff'd by* 2006 WL 2820005 (D. Utah 2006).

claim[.]"[52]  Because "the face of the proof of claim provides at least some evidence of a demand for payment from the estate and includes the creditor's name, the account number, and the amount of the debt[,]" a debtor must bring more than a bare objection to defeat such a proof of claim.[53]  The court then proceeded to provide examples of the types of factual or legal assertions that might be sufficient for a party in interest to "meet, overcome, or at least equalize" the evidence presented by an unsupported proof of claim.[54]

After their objections based on Rule 3001(c) were overruled by the bankruptcy court, the debtors in *Cluff* changed gears on appeal and asserted that their demand for supporting documentation was sufficient grounds for an objection under § 502(b)(1).[55]  The debtors asserted that a "claim cannot be allowed unless the creditor attaches to its proof of claim the same evidence that would be required to obtain a judgment in state or federal court."[56]  The District Court addressed the argument as follows:

> This novel interpretation of § 502(b)(1)'s language is unsupported by case law. As noted in the *Joslin* case, [*In re Joslin*, 344 B.R. 146 (Bankr. D. Kan. 2006)], the effect of § 502(b)(1) is to allow a bankruptcy trustee to use any defense to a claim that would have been available to a debtor under "applicable law," meaning non-bankruptcy law, including lack of consideration, statute of limitations, and others

---

[52] *In re Cluff*, 313 B.R. at 338.  *See also In re Mazzoni*, 318 B.R. at 579 (same).

[53] *In re Cluff*, 313 B.R. at 338.  *See also In re Mazzoni*, 318 B.R. 578–79. The court in *Cluff* used the term "formal objection" to refer to "an assertion from a debtor that a claim is deficient yet the objection does not give a legal or factual reason for the objection." *In re Cluff*, 313 B.R. at 338 n.53.  This Court believes the term "bare objection" is a better way to refer to this type of objection, and uses it accordingly.  *See In re Cluff*, 2006 WL 2820005, at *2 n.15 (D. Utah 2006).

[54] *In re Cluff*, 313 B.R. at 338.

[55] *In re Cluff*, 2006 WL 2820005, at *3.

[56] *Id.*

13

"too numerous and varied" to be listed.  But lack of documentation required by a Bankruptcy Rule and Official Form is not a defense that could have made the claim unenforceable under applicable non-bankruptcy law. Accordingly, this Court finds no error of law in the Bankruptcy Judge's declining to impose such an onerous attachment requirement for proofs of claim for unsecured claims when such a requirement is not found in the plain language of § 502(b)(1) or Rule 3001.[57]

The court affirmed the bankruptcy court and agreed that the debtors' objections must be overruled where they "did not 'give a legal or factual reason for the objection' by raising the merits of a defense to a claim."[58]

The court in *In re Mazzoni* also addressed the sufficiency of a debtor's objection to a proof of claim in a Chapter 13 case.[59]  In that case, the debtor objected to the proof of claim based on lack of supporting documentation of the claim.  The court found that while the filed proofs of claim were not sufficient to be prima facie evidence of the claims at issue, they did provide sufficient demand for payment from the estate to overcome a bare objection by a debtor.  The court stated that "because the Creditors have satisfied their initial burden of proving the existence and amount of their claims with the presentation of their proofs of claim, [the debtor] must have a basis for challenging the *validity* of their claims. [The debtor] has presented no basis for challenging the Creditors' proofs of claim and her objections should accordingly be overruled."[60]

The court in *In re Shank* also held that it would not disallow a claim based solely on an objection by a Chapter 13 debtor that the proof of claim lacked sufficient documentation under Rule

---

[57] *Id.*

[58] *Id.* at *2.

[59] 318 B.R. 576 (Bankr. D. Kan. 2004).

[60] *Id.* at 579 (emphasis added and footnote excluded).

14

3001(c).[61]  Much like *Kirkland*, the *Shank* court held that such a challenge to a proof of claim must assert a basis for its disallowance or reduction under § 502(b) "before the procedures governing the determination of disputes in the claims allowance process are even invoked."[62] The court summarized the pleading requirements for a valid objection by a Chapter 13 debtor as follows:

> In summary, the debtor has made no showing that there is an actual dispute over any of the claims and has identified no good faith basis for a potential dispute. For all of the reasons set forth above, the Court will not require the claimants to amend their proofs of claim to attach sufficient documentation in compliance with Rule 3001(c).

> If the debtor thinks that every one of the challenged claims is overstated, that every claimant has included illegal or unauthorized charges, or that for any reason she has no liability to any of them, she may investigate fully her theories and raise every viable claim or defense that she has. If the debtor requires documentation to make a good faith inquiry into the existence or amount of any liability and a claimant refuses a legitimate request to produce it, an objection that asserts her good faith challenge and requests disallowance of the claim due to inadequate documentation would be appropriate and could well result in entry of an order disallowing the claim or requiring its amendment. Of course, at a hearing on a substantive objection to a proof of claim that lacks sufficient documentation, a claimant who fails to amend the proof of claim to include adequate documentation will have the burden of going forward as well as the ultimate burden of proof to establish its claim because the proof of claim would not be entitled to the Rule 3001(f) presumption of validity.

> But if the debtor thinks, for example, in accordance with her sworn statement in Schedule D in this case, that she owes [a creditor] only $1,776.00 on the proof of claim filed by its assignee for $12,992.72, the proper objection is that the claimant has not established anything in excess of the amount the debtor admits is owed, not a request for complete disallowance of the claim merely because of inadequate documentation. And when claims such as those of [additional creditors] are filed for amounts less than the debtor shows in her schedules, there is no proper basis for an objection based on inadequate documentation at all.[63]

---

[61]  315 B.R. 799 (Bankr. N.D. Ga. 2004).

[62]  *Id.* at 812 ("Simply put, it is not fair to a creditor to sustain an objection to its proof of claim based on inadequate documentation unless the objecting party alleges some basis for objecting on grounds that would require disallowance or reduction under § 502(b).").

[63]  *Id.* at 814–15.

Debtors' Objections merely assert that they "dispute" the amounts claimed by Discover and eCast. When asked to elaborate, given the holding in *Kirkland* that an objection by a party in interest seeking disallowance of a claim must be raised under § 502(b), they simply responded that the claims should be stricken under § 502(b) as unenforceable under Oklahoma law—for failure to provide supporting documentation.[64]  Debtors may not raise the specter of § 502(b)(1) to avoid paying debts that they cannot in good faith disavow.

Debtors rely on a recent decision by a court in this district, *In re Kendall*,[65] which held that where a proof of claim is not found to be prima facie evidence of a claim, a claimant bears an initial burden of presenting evidence—beyond the properly executed and filed proof of claim itself—of the validity and amount of the claim.  Debtors argue that the holding in *Kendall* requires a similar outcome in this case.  Once again, the devil is in the details.  The debtors in *Kendall* denied that they owed any debt to the filing claimant.  In addition, they presented evidence of a history of dispute with the original creditor that preceded the bankruptcy filing.  This was sufficient for the court to determine that the debtors' indication in their schedules that the debts were "disputed" was made in good faith.[66]  The court considered this to be the kind of dispute that, when buttressed by the credible testimony of the debtors, would shift a burden to the filing claimant to establish the existence and amount of the debt, in the absence of any prima facie evidence of the validity or amount of the claim.[67]  In the absence of an allegation that the claimants in the case *sub judice* do

---

[64]  *See* Response, *Docket Nos. 78* (regarding eCast Objection) *& 79* (regarding Discover Objection).

[65]  380 B.R. 37 (Bankr. N.D. Okla. 2007) (Judge Rasure).

[66]  *Id.* at 42.

[67]  *Id.* at 44 n.3.

not have valid claims against the Debtors, or some other substantive objection that the Debtors have a good faith basis to dispute the amounts owed under § 502(b)(1), the holding in *Kendall* does not support Debtors' position.[68]

Rule 9013, which governs this type of pleading, requires that an objection to a proof of claim that initiates a contested matter "shall state with particularity the grounds therefor, and shall set forth the relief or order sought."[69] Here, Debtors assert that they dispute the amounts owed and ask that the claims be stricken in their entirety. *Kirkland* reminds us that the Federal Rules of Bankruptcy Procedure "shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding."[70] Debtors have not made any factual or legal assertion that they do not owe a debt to either claimant, only that they dispute the amount owed to each. Debtors may have some good faith basis to dispute the amount of the claims as filed—for example, they may dispute that certain charges or fees are owed, or that the interest is not correctly calculated under their credit agreement. This Court agrees with the court in *Shank* that both Rule 9011 and § 1325(a)(3) require a Chapter 13 debtor to have a good faith basis for raising an objection under § 502(b).[71] That court noted that

> the Court interprets Rule 9011 as requiring that an objection to a claim be based, in the first instance, on some theory that there is a ground for disallowance or reduction under 11 U.S.C. § 502(b). For the same reason, Rule 9011 precludes invocation of the Court's process to require a creditor to provide documentary support for a claim

---

[68] This Court is aware that the written objection in *Kendall* was skeletal in nature. The presentation of evidence in *Kendall*, however, made it clear that a valid factual and legal basis for the objection existed prior to the filing of the objection.

[69] Fed. R. Bankr. P. 9013.

[70] *Kirkland*, 379 B.R. at 348 (citing Rule 1001).

[71] *In re Shank*, 315 B.R. at 814.

17

in the absence of a good faith basis for inquiry into the claim or a dispute about its validity or amount.

Moreover, the good faith requirement for confirmation of a chapter 13 plan, 11 U.S.C. § 1325(a)(3), requires that a debtor not proceed to object to claims that she admittedly owes based on an amendable pleading deficiency. If there is no dispute about a claim or a good faith need for inquiry into its validity or amount, a chapter 13 debtor has no business seeking additional documentation for it.[72]

Unless they have a good faith basis to believe that the entire debt is not properly owed to the claimant, based on a specifically enumerated provision of § 502(b) that requires disallowance, it is disingenuous for Debtors to seek disallowance of the entire claim.[73]   The Court will not allow Debtors to avoid the consequences of the rulings in *Kirkland*, *Cluff*, *Shank*, and others by simply raising the specter of § 502(b) in order to force creditors to produce documentation of their claims. In the absence of a good faith, substantive objection that either the Debtors do not owe the debt, or that the amount claimed is erroneous, based squarely within § 502(b), the Objections, as filed, are insufficient to trigger a contested matter that will require a response from either Discover or eCast.

---

[72] *Id.* at 814.

[73] *Id.* at 815 ("the proper objection is that the claimant has not established anything in excess of the amount the debtor admits is owed, not a request for complete disallowance of the claim merely because of inadequate documentation.").

18

**Conclusion**

The Debtors' Objections to the proofs of claim of Discover and eCast are overruled without prejudice.   A separate order consistent with this Memorandum Opinion is entered concurrently herewith.

Dated this 27th day of February, 2008.

BY THE COURT:

TERRENCE L. MICHAEL
UNITED STATES BANKRUPTCY JUDGE

5123.4

19